```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    Alexandria Division

STACI PINKETT,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Civil Action No. 1:08cv790
                                  )
APEX COMMUNICATIONS CORP.,        )
et al.,                           )
                                  )
        Defendants.               )
```

MEMORANDUM OPINION

THIS MATTER came before the Court on defendants' Motion to Compel the Appearance of Troy Lumpkin. (Dkt. No. 19.)

Defendants ask the Court to compel Mr. Lumpkin to appear for a second deposition in order to answer several questions that he declined to answer when defendants deposed him on March 12, 2009. It appears there are approximately five questions that defendants wish to ask Mr. Lumpkin, most of which pertain to the incorporation of a business called EMS.

Upon consideration of the pleadings filed by defendants, plaintiff and Mr. Lumpkin, the Court makes the following findings.

With respect to the March 12 deposition of Mr. Lumpkin, it appears defendants subpoenaed Mr. Lumpkin as an individual, and not in a corporate capacity on behalf of EMS.  Therefore, Mr. Lumpkin's lack of preparedness to answer questions regarding EMS's corporation status is understandable.

Moreover, even if defendants had subpoenaed Mr. Lumpkin in a

corporate capacity, the questions for which defendants now seek answers do not appear to the Court to be of sufficient importance to compel Mr. Lumpkin to appear for a second deposition.  Indeed, most of the answers defendants seek may be obtained from the public record.

Furthermore, the Court is not unmindful that, as a third party, Mr. Lumpkin is not a party to the instant litigation and, thus, should not be subjected to burdensome discovery obligations, such as being required to appear for a second deposition in order to answer questions of minimal importance.

Finally, discovery in this matter closed on March 13, 2009. Mr. Lumpkin was not deposed until March 12, the day before the close of discovery.  Defendants have provided no explanation as to why they waited until the eve of the discovery deadline to take Mr. Lumpkin's deposition.  The Court notes that, under these circumstances, the risk of running out of time in the discovery period is the burden of defendants.

For the preceding reasons, the Court finds that there are insufficient grounds to compel Mr. Lumpkin to appear for a second deposition.  An Order shall issue forthwith.

                                                          /s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

April 1, 2009
Alexandria, Virginia